UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALYSON DE LORENZO,

                              Plaintiff,

             -against-

KING CULLEN GROCERY CO. INC. and
WILD BY NATURE, INC.,

                            Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-3460 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Plaintiff Alyson De Lorenzo ("Plaintiff") commenced this action against defendants King Cullen Grocery Co., Inc. and Wild By Nature, Inc. (together, the "Defendants") on June 11, 2019 alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII"), disability discrimination in the form of failure to accommodate and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 (the "ADA"), as well as certain parallel New York State causes of action alleged pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 (the "NYSHRL"). (ECF No. 1.)  On January 13, 2020, Defendants filed a motion to dismiss the complaint. (ECF No. 18.)  On May 27, 2020, the Court referred the motion to dismiss to Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R"). (Electronic Order, 5/27/2020.)  Judge Shields issued an R&R dated August 12, 2020 recommending that Defendants' motion be granted with respect to Plaintiff's ADA claims for failure to exhaust administrative remedies, but otherwise denied the motion with respect to the other claims. (ECF No. 26.)  Defendants filed a timely objection to the R&R, (ECF No. 27), to which Plaintiff filed an opposition. (ECF No. 29.)  After conducting a

review of the full record (including the motion papers, R&R, objections, and opposition) and applicable law, the Court adopts Judge Shields's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

First, the Court finds no clear error in the portions of Judge Shields's R&R to which there are no specific objections.  In particular, Judge Shields recommended dismissal of Plaintiff's ADA claims (Counts 5 and 6 of the complaint) for failure to exhaust administrative remedies.  The parties do not contest the dismissal of these claims without leave to replead.  Applying clear error review, the Court adopts Judge Shields's recommendation regarding these claims.

I next address the portions of the R&R to which Defendants have objected.  I have undertaken a de novo review of the record, the R&R, the objections, and the opposition and I agree with Judge Shields's R&R.  The R&R is adopted in its entirety as the opinion of this Court.  Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: November 30, 2020
      Central Islip, New York

                                      /s/  (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE